IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO: 2:06-CR-0114-WHA |
| | ) | |
| | ) | |
| RICARDO GONZALEZ-OROZCO | ) | |

**RESPONSE TO MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to Defendant's ("Gonzalez'") Motion to Suppress (Doc. # 22), filed on June 1, 2006, as follows:

**FACTS**

1. On April 10, 2006, Alabama State Trooper Bryan Hamrick observed Gonzalez driving an Oldsmobile Intrigue on I-65 northbound, near the Montgomery/Lowndes county line. (Tr. 3:16-4:5, Preliminary Hearing Transcript, attached as Exhibit A). Trooper Hamrick observed Gonzalez following two other vehicles, on two separate occasions, too closely. (Tr. 4:2-5). At that point, around mile marker 161, Trooper Hamrick initiated a traffic stop on Gonzalez' vehicle. (Tr. 4:5-4:10).

2. Upon exiting the vehicle, Trooper Hamrick directed Gonzalez to provide a copy of his driver's license and registration. (Tr. 4:13-5:4). Rather than providing those documents, Gonzalez gave Trooper Hamrick a California identification card and a bill of sale for the vehicle. (Tr. 5:4-22). During this exchange, Gonzalez spoke English to the extent that Trooper Hamrick believed that Gonzalez could understand him. (Tr. 5:14-15).

      3. Trooper Hamrick then ran Gonzalez' information through the Blue Lightening Operations Center ("BLOC") to make sure his information was current and valid. (Tr. 5:16-17, 6:1-12). A BLOC dispatcher advised Trooper Hamrick that Gonzalez did not have a valid driver's license, that Gonzalez had some immigration issues, and to detain Gonzalez until an Immigration and Customs Enforcement ("ICE") agent contacted him about Gonzalez' immigration problems. (Tr. 6:1-6, 6:16-18). In the intervening period, Trooper Hamrick issued Gonzalez a citation for driving without a driver's license and a warning citation for following too closely. (Tr. 6:20-21). At that point, ICE Special Agent Blake Diamond and Dave Henderson contacted Trooper Hamrick and requested he transport Gonzalez to their office. (Tr. 6:22-25). Because Trooper Hamrick was assigned as a canine officer, and a police dog was in his vehicle at the time, Gonzalez was not transported in Trooper Hamrick's patrol vehicle. (Tr. 7:1-5). Instead, Gonzalez followed Trooper Hamrick to the ICE office in his own vehicle, and was followed by another Trooper, Corporal Teal, who had arrived on the scene. (Tr. 7:1-5, 22:25-17).

      4. After arriving at the ICE office, Trooper Hamrick and other officers transported Gonzalez, and the other passenger in Gonzalez' vehicle, into the ICE office and turned them over to Agents Henderson and Diamond. (Tr. 28:24-29:2). At that point, Agents Henderson and Diamond interviewed Gonzalez and after asking Gonzalez his personal information (name and date of birth), Gonzalez was advised of his Miranda rights, in writing and in Spanish (even though Gonzalez could speak some English). Exhibit B, attached; Tr. 33:23-34:13. Gonzalez stated he was a Mexican native and that he had entered the United States illegally somewhere near Tijuana, Mexico. (Tr. 29:7-10). Immigration checks revealed that Gonzalez had previously been removed from the United States by border patrol agents and that he had not obtained prior permission from immigration authorities to re-enter the United States. (Tr. 29:11-19). Gonzalez was then placed under arrest.

(Tr. 29:20-22). Incident to that arrest, agents searched Gonzalez and found a counterfeit Social Security card, which Gonzalez admitted to using for employment and tax purposes. (Tr. 30:2-10).

## ISSUES

5. In his motion to suppress, Gonzalez claims:

a. the initial traffic stop was without probable cause;

b. the initial traffic stop was pretextual;

c. his continued detention was without probable cause;

d. the statement given by him was coerced;

e. he did not knowingly and voluntarily waive his rights to silence and counsel; and,

f. law enforcement officers did not advise him that he could contact the Mexican consulate upon his arrest.

## ARGUMENT

6. Gonzalez' claims are without merit.

a. Trooper Hamrick had the authority to stop Gonzalez' vehicle because he had probable cause to believe a traffic violation (following too closely)[1] occurred. United States v. Purcell, 236

---

[1] Ala. Code 1975, § 32-5A-89. Following too closely.

(a) The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. Except when overtaking and passing another vehicle, the driver of a vehicle shall leave a distance of at least 20 feet for each 10 miles per hour of speed between the vehicle that he is driving and the vehicle that he is following.

(b) The driver of any truck or motor vehicle drawing another vehicle of 25 or more feet in length when traveling upon a roadway outside of a business or residence district and which is following

F.3d 1274, 1276 (11th Cir. 2001).

    b. While the United States denies the unsupported claim that the initial stop was pretextual, assuming *arguendo* the stop was pretextual, such does not render the initial stop unconstitutional because the subjective intent of the officer conducting the traffic stop is irrelevant. Whren v. United States, 517 U.S. 806, 811-813 (1996). A traffic violation arrest is not rendered invalid even if it is a mere pretext to ascertain whether unrelated criminal conduct exists. Id. at 812-813.

    c. Continued detention of Gonzalez after the citations were completed was appropriate because information existed that Gonzalez may have been in the United States illegally. United States v. Hernandez, 418 F.3d 1206, 1211 (11th Cirl 2005). Once Trooper Hamrick developed reasonable suspicion that Gonzalez was violating immigration laws, based on computer checks through immigration databases, he had the duty to investigate further. Id.

    d/e. No evidence that Gonzalez was coerced into making a confession. To the contrary, agents advised Gonzalez, in Spanish, of his rights to remain silent and to counsel prior to eliciting any incriminating information from Gonzalez. Exhibit B; Tr. 33:23-34:13. Accordingly, as Gonzalez waived his right to remain silent, no constitutional violation of his right to remain silent or to counsel, exists. Miranda v. Arizona, 384 U.S. 436 (1966).

---

another truck or motor vehicle drawing another vehicle of 25 or more feet in length shall, whenever conditions permit, leave sufficient space, at least 300 feet, so that an overtaking vehicle may enter and occupy such space without danger, except that this shall not prevent a truck or motor vehicle drawing another vehicle of 25 or more feet in length from overtaking and passing any vehicle or combination of vehicles.

(c) Motor vehicles being driven upon any roadway whether a business or residence district in a caravan or motorcade whether or not towing other vehicles shall be so operated as to allow sufficient space between each such vehicle or combination of vehicles so as to enable any other vehicle to enter and occupy such space without danger. This provision shall not apply to funeral processions or to any parade or procession authorized by official permit of the governing body of the city or county having jurisdiction over said highway.

f.  Remedies for an alleged failure to comply with Article 36 of the Vienna Convention (consular notification) do not include the suppression of evidence.  <u>United States v. Cordoba-Mosquera</u>, 212 F.3d 1194, 1196 (11th Cir. 2000).  Thus, Gonzalez' claim with respect to any alleged failure of law enforcement to inform Gonzalez of his right to contact the Mexican consulate should be denied.

## **NECESSITY FOR EVIDENTARY HEARING**

As can be gleaned from Exhibit A, defense counsel in this matter has thoroughly explored all of the issues addressed in Gonzalez' suppression motion.  In addition, attached as Government's Exhibit C is a video[2], DVD format, of the traffic stop itself for this Court's review.  Thus, as the facts as elicited from both parties at the preliminary hearing, combined with a DVD of the traffic stop in this case, do not support suppression of any of the complained of evidence, the United States respectfully submits that an evidentiary hearing in this matter is not necessary.  <u>See</u> <u>United States v. Richardson</u>, 764 F.2d 1514, 1527 (11th Cir. 1985) (court has discretion in determining need for suppression hearing); <u>United States v. Cooper</u>, 203 F.3d 1279, 1285 (11th Cir. 2000) (court did not abuse discretion in denying appellant suppression hearing where motion to suppress was wholly lacking in sufficient factual allegations).  The United States respectfully requests this Court rule based upon the briefs and exhibits submitted by the parties.

9.  Accordingly, as Gonzalez' claims are without merit, the United States respectfully requests this Court to deny his motion.

Respectfully submitted this 14th day of June, 2006.

---

[2] This exhibit is being forwarded under separate cover, as it cannot be electronically filed with this response.  The exhibit has previously been provided to defense counsel.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CR. NO: 2:06-CR-0114-WHA** |
| ) | |
| **RICARDO GONZALEZ-OROZCO** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine A. Freeman, Esq.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    ASB-1901-O64T
    Todd.Brown@usdoj.gov