IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06CR114-WHA |
| | ) | |
| RICARDO GONZALEZ-OROZCO | ) | |

## ORDER

The government filed its response to the defendant's motion to suppress on 14 June 2006 (Doc. # 26). The court has reviewed both documents and concludes that a preliminary factual issue of major significance - and easily determinable - is whether the defendant produced a valid drivers license when he was stopped on 10 April 2006 by Troopers Hamrick and Cole.

The defendant avers in his motion that he produced "a valid California driver's license" (Doc. # 22, p. 2), while the government avers in its response that the defendant produced "a California identification card" (Doc. # 26, p. 1). The government further avers that "Trooper Hamrick issued Ganzalez a citation for driving without a driver's license" at the scene of the stop.

The defendant either had a valid drivers license (whether from California or another state) or he did not. If he had a valid driver's license, it was not necessary to check his licensure status with BLOC or any other agency. If he did not have one, it was clearly necessary for troopers to check his status. In any case, it is not difficult to determine if the defendant had a valid license, and an evidentiary hearing is not necessary to resolve that

issue. Accordingly, before this motion is set for a hearing, it is

ORDERED that, on or before 29 June 2006, the defendant and/or the government shall file a copy of the documents that the defendant produced on 10 April 2006 when he was stopped. Thereafter, the court will issue further appropriate orders.

DONE this 22nd day of June, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE